UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FIRSTBANK PUERTO RICO, INC.,

     Plaintiff,

     v.                                                    Civil No. 10-1118 (JAF)

BLACK SEA, M.V.,

     Defendant In rem.

----------------------------------------------------

MDS CARIBBEAN SEAS LIMITED, LLC,
MICHAEL DIAZ-SANTIAGO and
OMAYRA RODRIGUEZ-SORRENTINI

     Defendants.

## OPINION AND ORDER

Plaintiff alleges Defendants defaulted upon the Preferred Ship Mortgage ("the

Mortgage") of the Black Sea M.V. ("the Vessel"), and seeks to foreclose upon the Mortgage,

and also requests costs and fees for the present action. (Docket No. 1.) Defendants answer and

counterclaim (Docket No. 26); Plaintiff answers and moves to dismiss Defendants'

counterclaim, (Docket No. 29), and Defendants respond. (Docket No. 33) Plaintiff replies

(Docket No. 36) and moves for summary judgment (Docket No. 37.) Defendants do not oppose.

(Docket No. 44.)

Civil No. 10-1118 (JAF)                                                                   -2-

1                                             **I.**

2                              **Factual and Procedural Synopsis**

3           Defendants purchased the Vessel on October 8, 2008, and executed a promissory note,

4    secured by the Mortgage, in favor of Plaintiff.  (Docket Nos. 1-1; 1-2.)  Plaintiff has previously

5    litigated against Defendants in this court in a related action.  In that case, our Plaintiff acted as

6    third-party plaintiff—the "loss payee under an insurance policy"—who "sought to recover the

7    value of the bank's collateral and the legal fees incurred to secure the release of the vessel,

8    which had been seized by federal law enforcement agents."  <u>Markel Am. Ins. Co. v. Diaz-</u>

9    <u>Santiago</u>, No. 09-01672, 2010 U.S. Dist. LEXIS 105143, at *2 (D.P.R. Sept. 30, 2010.)  In a

10   judgment by consent, Defendants admitted to making material misrepresentations during the

11   insurance application process that rendered the Vessel's insurance policy null and void.  <u>Id.</u> at

12   *3.  The Mortgage required Defendants to maintain the Vessel fully insured, and Defendants

13   were found to have breached the relevant Mortgage provisions.  <u>Id.</u> at *7.  The court then

14   ordered Defendants to pay for Plaintiff's expenses, attorney's fees, and other costs incurred in

15   defending suits related to the Vessel and the Mortgage.  <u>Id.</u> at *9.

16            In the present case, Plaintiff alleges that Defendants have defaulted under the terms of

17   the Mortgage, and seeks to foreclose.  (Docket No. 37 at 6.)  Plaintiff alleges that Defendants

18   incurred an event of default, either through Defendants' failure to maintain the vessel properly

19   insured or, alternatively, because of their failure to meet their payment obligations to FirstBank

20   for the months of May 2009 through January 2010.  (Docket No. 38 at 2–4.)

Civil No. 10-1118 (JAF)                                                                      -3-

1    Plaintiff notified Defendants of the event of default and their intention to foreclose the

2    mortgage, but Defendants have still not yet paid the amounts listed in the notice of default.  (Id.

3    at 4.)

4                                                **II.**

5                      **Motion to Dismiss and Summary Judgment Standards**

6    **A.**      **Motion to Dismiss Under Rule 12(b)(6)**

7    While a complaint need not contain "detailed factual allegations," it must nonetheless

8    "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

9    its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atl. Corp. v. Twombly,

10   550 U.S. 544, 570 (2007)).  A complaint comprised of  "naked assertions" without "further

11   facual elaboration" fails this facial plausibility requirement, which demands "more than a sheer

12   possibility that a defendant has acted unlawfully." Id. at 1945 (quoting Twombly, 550 U.S. at

13   557). A complaint fails to demonstrate a plausible entitlement to relief if it does not set forth

14   supporting factual allegations pertaining to each material elements of the claim.  Gagliardi v.

15   Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

16   Guided by this rubric, a party may move to dismiss a claim for "failure to state a claim

17   upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In this analysis, the court accepts

18   all well-pleaded facts as true, and we draw all reasonable inferences in favor of the non-moving

19   party.   SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. Mass. 2010).   Nevertheless, an

20   "unadorned, the-defendant-unlawfully-harmed-me accusation" fails to show a plausible

21   entitlement to relief.  Iqbal, 129 S. Ct. at 1949.

Civil No. 10-1118 (JAF)                                                      -4-

1    In general, a court finds its Rule 12(b)(6) inquiry limited to facts or documents contained

2    in the complaint, but a "district court may also consider 'documents incorporated by reference

3    in [the complaint], matters of public record, and other matters susceptible to judicial notice.'"

4    Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (quoting Banco Santander de P.R. v.

5    Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 20 (1st Cir. 2003)).

6    **B.**     **Summary Judgment Under Rule 56**

7    We must grant a motion for summary judgment "if the pleadings, the discovery and

8    disclosure materials on file, and any affidavits show that there is no genuine dispute as to any

9    material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

10   A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if

11   it potentially affects the outcome of the case.  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d

12   6, 19 (1st Cir. 2004).

13   The movant carries the burden of establishing that there is no genuine dispute as to any

14   material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The movant may satisfy this

15   burden by "citing to particular parts of materials in the record, including depositions,

16   documents, electronically stored information, affidavits or declarations, . . . or other materials."

17   Fed. R. Civ. P. 56(c)(1)(A).  Furthermore, to establish the absence of a genuine dispute of

18   material fact, the movant need not produce evidence but may instead point to a lack of evidence

19   supporting the nonmovant's case.  See Fed. R. Civ. P. 56(c)(1)(B); see also Celotex, 477 U.S.

20   at 325.  "Once the moving party has made a preliminary showing that no genuine [dispute] of

21   material fact exists, the nonmovant must produce specific facts, in suitable evidentiary form,

1   to establish the presence of a trialworthy [dispute]."  <u>Clifford v. Barnhart</u>, 449 F.3d 276, 280

2   (1st Cir. 2006) (internal quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 56(c)(1).

3          In evaluating a motion for summary judgment, we must view the record in the light most

4   favorable to the nonmovant.  <u>See</u> <u>Reeves v. Sanderson Plumbing Prods.</u>, 530 U.S. 133, 150–51

5   (2000).  "The court need consider only the cited materials, but it may consider other materials

6   in the record."  Fed. R. Civ. P. 56(c)(3).

7          If a party fails to oppose a summary judgment motion, as the Defendants in the present

8   case have failed to do, the district court must then take the moving party's statement of

9   uncontested facts as true.   L.Cv.R. 56(e) (D.P.R. 2009); <u>see also</u> <u>Velez v. Awning Windows,</u>

10  <u>Inc.</u>, 375 F.3d 35, 41–42 (1st Cir. 2004) (interpreting the predecessor to Local Civil Rule 56).

11  But the failure of a party to oppose a Rule 56 motion alone does not ensure a grant of summary

12  judgment.  <u>Mendez v. Banco Popular de Puerto Rico</u>, 900 F.2d 4, 7 (1st Cir. 1990).  This court

13  will only grant summary judgment if, after examining the pleadings and the record, we find no

14  genuine dispute as to any material fact and determine that the movant is entitled to judgment as

15  a matter of law.

16                                             **III.**

17                                          **<u>Analysis</u>**

18  **A.      <u>Motion to Dismiss Counterclaims</u>**

19         Defendants' counterclaim alleges that they have suffered, because of Plaintiff, "actual,

20  consequential and special damages," "economic and non-economic losses," and "severe

Civil No. 10-1118 (JAF)                                                                                    -6-

1    emotional distress" all valued at "an amount not less than $1,000,000;" they seek costs and

2    attorney's fees on top of the three million dollars in damages.

3            Even if we treat all well-pleaded facts in the counterclaim as true, Defendants'

4    perfunctory allegations and conclusory statements flunk the facial plausibility required by Rule

5    12(b)(6), as discussed above in Part II.A.  Defendants not only fail to enumerate any specific

6    causes of action, but they also fail to provide sufficient facts to support any possible claim that

7    this court might cobble together from the pleadings.

8            Without specifying or explaining their precise claims, Defendants state that they had "no

9    say or control over any aspect of the closing or who was to preside over it," and state that

10   Plaintiff retained an attorney-notary to oversee the October 8, 2008, closing, when the

11   documents were signed by the "two officers, Michael Diaz Santiago and Omayra Rodriguez

12   Sorrentini" of Defendant MDS Caribbean Seas Ltd. ("MDS Caribbean").  (Docket 26 at 5.)

13   After this reference to the individual Defendants as corporate officers, the counterclaim goes

14   on to allege, inexplicably, that "[d]espite representations" by Plaintiff, MDS Caribbean was not

15   actually incorporated until February 5, 2009.  Id.

16           The next paragraph places the blame for the null and void insurance policy on "Plaintiff's

17   actions," without any elaboration whatsoever as to the alleged actions.  Id.  Without giving dates

18   or details, Defendants also allege that Plaintiff refused to accept payments at an unspecified

19   point in time after the seizure of the Vessel, claiming that this refusal caused Defendants to

20   "suffer damages resulting from a decline in their credit rating causing them to be refused credit

Civil No. 10-1118 (JAF)                                                                    -7-

for goods and services. They have suffered grave emotional distress and humiliation." (Docket

No. 26 at 7.)

Defendants forget that, as determined by the previous litigation,[1] they breached the

Mortgage terms first, as the Vessel's insurance policy was declared null and void.  Working

within the constellation of facts amassed from the counterclaim, we find no plausible grounds

for relief, despite accepting all of Defendants' well-pleaded facts as true.

**B.     Summary Judgment**

Plaintiff, in its unopposed motion for summary judgment, argues that Defendants'

breached the Mortgage terms and incurred an event of default, either through their failure to

make timely payments from May 2009 to January 2010, or through their failure to maintain the

Vessel fully insured.  (Docket No. 37 at 5.)

Under Puerto Rico law, if the terms of a contract are clear, leaving no doubt as to the

intentions of the contracting parties, then the literal sense of the stipulations will be observed.

31 L.P.R.A. § 3471 (2010).  The parties will be bound by their contractual obligations, which

must be fulfilled in accordance with the agreement's terms. 31 L.P.R.A. § 2994 (2010). "Under

Puerto Rico law, the elements of a cause of action for breach of contract are: 1) a valid contract;

and 2) a breach by one of the parties to the contract."  Torres v. Bella Vista Hosp., Inc., 523

---

[1] Defendants cite to a prior proceeding in which Defendants admitted—in a joint motion seeking a judgment by consent—that their misrepresentation about the identity of the vessel's owner rendered the insurance policy null and void. See Diaz-Santiago, 2010 U.S. Dist. LEXIS 105143, at *2.  Defendants ostensibly refer this proceeding in support of the assertion that Plaintiff's unspecified actions led to the nullification of the policy.  See Colonial Mortg. Bankers Corp., 324 F.3d 12 at 15 ("The complaint then cited, and incorporated by reference, earlier litigation involving these funds . . . .").

1    F.Supp.2d 123, 152 (D.P.R. 2007) (citing <u>F.C. Imports, Inc. v. First Nat'l Bank of Boston</u>, 816

2    F. Supp. 78, 93 (D.P.R. 1993)).

3            We look to the text of the Mortgage—the contract outlining the relevant obligations of

4    the parties.  In light of Defendants' failure to respond, we rely upon Plaintiff's statements of

5    uncontested material facts.

6            We find that Defendants incurred an event of default by their failure to make proper

7    payments or, in the alternative, through their failure to maintain the Vessel properly insured.[2]

8    The Mortgage terms clearly explain that a default "in the punctual payment of the principal" or

9    failure in "due and punctual performance" of certain requirements, including the requirement

10   to maintain the Vessel "fully and adequately insured under usual full marine insurance" would

11   result in an "event of default."   (Docket No. 38-5 at 2–3.)  Defendants have defaulted in

12   payment obligations from May 2009 to January 2010, and owe Plaintiff a total of $92,219.90,

13   not including late fees and interest.  (Docket No. 38 at 3.)  Additionally, Defendants breached

14   the terms by their failure to maintain the vessel with full and adequate insurance; the insurance

15   policy was deemed null and void in a previous action in this court.  (Docket No. 38 at 4.)

---

[2] We need not reach Plaintiff's argument that collateral estoppel should govern the issue of insurance. (Docket No. 37 at 7.)  In prior litigation, this court decided that Defendants' failure to maintain full insurance resulted in a breach of the Mortgage terms, but that decision was made based on facts stipulated for a consent judgment.   Therefore, the issue of failure to maintain adequate insurance was not "actually litigated" for purposes of collateral estoppel.  <u>Blair-Corrales v. Marine Engineers' Benefit Ass'n</u>, 380 F. Supp. 2d 22, 26 (D.P.R. 2005) (citing <u>Ariz. v. Cal.</u>, 530 U.S. at 414 ("It is the general rule that issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment.").  While the breach issue was decided separately in a grant of partial summary judgment—thus arguably "actually litigated" as it was decided separately from the consent judgment—we need not explore unknown legal waters as we can reach the same decision based on the record in the present case.

Civil No. 10-1118 (JAF)                                                                    -9-

1    In addition to foreclosure on the Mortgage, Plaintiff also seeks attorney's fees and costs

2    of the current action.  Article II, "Default," explicitly states that upon default, Defendants will

3    become liable for all advances and expenditures made for, inter alia, repairs, insurance, and

4    defense of suits.  (Docket No. 38-5 at 4.)

5                                                       **IV.**

6                                                **<u>Conclusion</u>**

7    For the reasons stated above, we **GRANT** Plaintiff's motion for Summary Judgment

8    (Docket No. 37).  We hereby decree payment due by all Defendants in Personam and the Vessel

9    in Rem, jointly and severally, in the amount of $1,271,482.40, subject to adjustment, together

10   with accruing interest, which until January 31, 2011, amounts to $91,295.41, and additional

11   interest until paid.

12   **IT IS SO ORDERED**.

13   San Juan, Puerto Rico, this 27th day of May, 2011.

14                                                      s/José Antonio Fusté
15                                                      JOSE ANTONIO FUSTE
16                                                      United States District Judge